

**SO ORDERED.**

**SIGNED this 04 day of January, 2013.**

*Stephani W. Humrickhouse*
_____

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                    CASE NO.

MARK ELDRIDGE                                09-03589-8-SWH

      DEBTOR

### ORDER REGARDING MOTION FOR RELIEF FROM STAY

The matter before the court is Ballentine Homeowners Association, Inc.'s ("Homeowners Association") motion for relief from the automatic stay. A hearing was conducted in Raleigh, North Carolina on January 3, 2013.

On May 1, 2009, the debtor filed for relief under Chapter 13 of the Bankruptcy Code, and on July 20, 2009, this court entered an order confirming a Chapter 13 plan. The debtor then failed to pay $2,427.00 for dues assessed by the Homeowner's Association post-confirmation. The Homeowners Association moved for relief from the stay to allow it to foreclose on the debtor's principal residence and sought attorneys' fees and costs for filing the motion. The debtor admitted that these post-petition dues were in arrears but argued that the Homeowners Association was not entitled to attorneys' fees and costs because the motion for relief was unnecessary. The motion was

unnecessary, argues the debtor, because the fees were assessed post-petition and post-confirmation, thus the property subject to potential foreclosure was no longer property of the estate.

"[P]ost-petition assessments are incidents of property ownership deriving from covenants running with the land, and thus are post-petition debts." In re Schechter, 2012 Bankr. LEXIS 3796, at *17 (Bankr. E.D. Va. Aug. 16, 2012) (citing Rosenfeld v. River Place East Housing Corp. (In re Rosenfeld), 23 F.3d 833, 836-37 (4th Cir. 1994), cert. denied, 513 U.S. 874, 115 S. Ct. 200, 130 L. Ed. 2d 131 (1994), reh'g denied, 513 U.S. 1035, 115 S. Ct. 622, 130 L. Ed. 2d 530 (1994)); In re Guillebeaux, 361 B.R. 87, 91-92 (Bankr. M.D.N.C. 2007).  An "'[association] does not need relief from the automatic stay to demand payment of post-petition [a]ssociation fees for which the debtors are liable or to file suit to collect those fees.'" Schecter, 2012 Bankr. LEXIS 3796, at *21 (quoting Montclair Prop. Owners Assoc., Inc. v. Reynard (In re Reynard), 250 B.R. 241, 244 (Bankr. E.D. Va. 2000).

There are limits, however, on the types of collection activities that an association may use without violating the automatic stay.  Specifically, courts distinguish between efforts to collect post-petition fees from property of the estate and efforts to collect from property of the debtor.  See Schecter, 2012 Bankr. LEXIS 3796, at *21; In re Reynard, 250 B.R. at 250.  No relief is necessary to collect post-petition homeowners assessments from property of the debtor that is not property of the estate.  In re Reynard, 250 B.R. at 250.  However, relief from the stay is necessary when an association seeks to collect post-petition assessments from property of the estate.  Id.

In the instant case, the Homeowners Association's assessments occurred post-petition, and thus the amount owed pursuant to such assessments constitute post-petition debts.  Relief from the stay was unnecessary to collect these debts as long as the collection activities were directed toward

property of the debtor and not property of the estate.  Since the plan had already been confirmed, the principal residence re-vested in the debtor and was no longer property of the estate.  11 U.S.C. § 1327(b); see In re Jones, 339 B.R. 360, 365 (Bankr. E.D.N.C. 2006) ("Property of the estate revests pursuant to § 1327(b) in the debtor upon confirmation of the plan unless otherwise provided in the plan or confirmation order."); In re Mercer's Enterprises, Inc., 387 B.R. 681, 685 (E.D.N.C. 2008) (stating that upon confirmation of the debtor's Chapter 13 plan of reorganization any property retained by the estate re-vests in the debtor and is no longer property of the estate).  Therefore, filing a motion for relief from the stay was unnecessary in order to allow the Homeowners Association to proceed with foreclosure against the residence.

Because the motion for relief from stay was unnecessary, it would be inequitable to require the debtor to pay the Homeowners Association's attorneys' fees and costs associated with filing such motion.  Therefore, the request for attorneys' fees and costs pertaining to the filing of the instant motion for relief is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**

3